UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RANDELL GENE WHITE                         CIVIL ACTION NO. 14-2630

VERSUS                                     JUDGE S. MAURICE HICKS, JR.

JULIAN C. WHITTINGTON, ET AL.              MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before the Court is Defendants Sheriff Julian C. Whittington ("Whittington"), Bossier Parish Sheriff's Office ("Sheriff's Office"), and Detective Linda Hollifield's ("Hollifield") Motion to Dismiss Plaintiff Randell Gene White's ("White") complaint pursuant to Federal Rules of Civil Procedure 37(b) and 41(b) for failure to comply with a discovery order. See Record Document 11. Counsel for White filed a response to the Motion to Dismiss. See Record Document 13. For the reasons which follow, Defendants' Motion to Dismiss is **GRANTED**.

## FACTUAL BACKGROUND

White is a resident of Elm Grove, Bossier Parish, Louisiana. See Record Document 1. Whittington is the Sheriff of Bossier Parish. See Record Document 1. Hollifield is a detective with the Sheriff's Office. See Record Document 1.

Hollifield investigated White and his wife for potential prostitution of White's daughter. See Record Document 1. White was arrested on August 27, 2014, and was later charged with two counts of contributing to the delinquency of a minor. See Record Document 1. The prosecutor later dropped the charges against White after White's wife pleaded guilty to cruelty to a juvenile. See Record Document 11-1.

White filed this 42 U.S.C. §§ 1983 and 1988 suit on September 2, 2014, alleging violations of his civil rights under the United States Constitution as well as state law claims. See Record Document 1. Defendants filed an answer on February 2, 2015. See Record Document 3. Defendants filed a Motion for an Order to Compel Discovery Responses on September 8, 2015 after White failed to respond to several discovery requests. See Record Document 9. On September 10, 2015, Magistrate Judge Hornsby granted the motion, ordering White to respond to the discovery requests within 10 days. See Record Document 10. After White failed to respond, Defendants filed the instant motion on September 23, 2015. See Record Document 11. The Motion has been fully briefed by the parties. See Record Documents 11, 13, 14.

## LAW AND ANALYSIS

**I.   LEGAL STANDARDS**

Defendants have moved to dismiss White's claims pursuant to Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure. In pertinent part, Rule 37(b)(2) provides, "If any party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders [including] dismissing the action." Rule 41 states that "if a plaintiff fails . . . to comply with a court order, a defendant may move to dismiss the action."

Ultimately, the decision as to whether to grant dismissal of a plaintiff's claim under either Rule 37(b)(2) or 41(b) is at the discretion of the trial court judge. See Diaz v. S. Drilling Corp., 427 F.2d 1118, 1126 (5th Cir. 1970) (interpreting Rule 37 sanctions); see Glo Co. v. Murchison & Co., 397 F2d 928, 929 (3rd Cir. 1967), *cert. denied*, 393 U.S. 939, 89 S. Ct. 290 (1968) (interpreting Rule 41(b) sanctions). However, in determining whether

or not dismissal of the claim is proper, courts have considered several factors. First, dismissal is considered a proper sanction when the failure to comply with the court's order is a result of willfulness or bad faith, and not due to the inability to comply. See Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643, 96 S. Ct. 2778, 2781 (1986). Second, dismissal is proper when the use of a less drastic sanction would not serve as a proper deterrent. See Marshall v. Segona, 621 F.2d 763, 768 (5th Cir. 1980). The third factor is whether the other party was substantially prejudiced by the plaintiff's failure to comply with the Court order. See Batson v. Neal Spelce Assocs. Inc., 765 F.2d 511, 514 (5th Cir. 1985). Finally, dismissal has been determined to be an inappropriate sanction when the neglect is attributable to the attorney and not the blameless client. See id. at 514.

## II. ANALYSIS

Dismissal of all of White's claims is proper under both Rule 37(b) and Rule 41(b). It is undisputed that White failed to comply with Magistrate Judge Hornsby's order that White respond to Defendants' discovery requests within 10 days. See Record Documents 10, 13. The reason for the failure to comply is that counsel for White has been unable to contact him. See Record Document 13. Though counsel for White was eventually able to contact him, this contact was evidently not enough to elicit enough information from White to respond to the discovery requests. See Record Document 14.

All of the factors relevant to deciding whether to dismiss a case for failure to follow a court order weigh in favor of dismissal of the instant action. First, though there seems to be no bad faith in this case, there does seem to be a willful disregard of the Court's discovery order on the part of White himself. Despite repeated attempts by White's

counsel to contact him, he has not responded, or has responded so infrequently that response to the discovery requests has been impossible. Second, dismissal is the best deterrent to future disobedience of discovery orders in this situation, as a lesser sanction would encourage delay of discovery in defiance of such orders. Third, Defendants' ability to defend this suit has been prejudiced by a failure to respond to discovery that was due over a year ago. Fourth, the neglect in the instant action seems to be entirely attributable to White's neglect rather than that of his attorney. Weighing these factors, the Court finds that dismissal of all of White's claims is appropriate. Defendants' Motion to Dismiss is therefore **GRANTED**.

## CONCLUSION

The Court finds that dismissal of all of White's claims is appropriate because all factors relevant to the Court's decision weigh in favor of dismissal.[1] Defendants' Motion to Dismiss White's claims pursuant to Federal Rules of Civil Procedure 37(b) and 41(b) for failure to comply with a discovery order is therefore **GRANTED**. Therefore, **IT IS ORDERED** that all of White's claims be and are hereby **DISMISSED WITH PREJUDICE**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 26th day of September, 2016.

---

[1] Dismissal here includes dismissal of White's claims against "Unknown Detectives" that were added as defendants. See Record Document 1. Rule 41(b) permits dismissal of "*the action* or any claim against" a defendant who files a motion to dismiss under Rule 41(b), and the Court chooses to exercise its discretion to dismiss the entire action in this instance, including the claims against the "Unknown Detectives."

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE